IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| )  | |
|      Plaintiff,   ) | |
| )  | |
| v.   ) | Case No. CR-92-209-D |
| )  | |
| RAFAEL ANTONIO HERRERA,   ) | |
| )  | |
|      Defendant.   ) | |

**O R D E R**

Before the Court is Defendant Rafael Antonio Herrera's *pro se* Motion to Modify a Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 154]. Defendant seeks the reduction of a life sentence for conspiracy to possess with intent to distribute cocaine powder and cocaine base. Defendant's sentence was based on a quantity of drugs involving 13.5 kilograms of cocaine base, 0.25 kilograms of cocaine, and one pound of marijuana. *See United States v. Herrera*, No. 93-6100, 1994 WL 36766, *1 (10th Cir. Feb. 8, 1994).

Defendant seeks a reduction of his sentence based on a recent amendment to the Sentencing Guidelines that took effect November 1, 2007, and generally adjusts downward by two levels the base offense level assigned to quantities of cocaine base (crack) listed in the Drug Quantity Table of § 2D1.1(c). On December 11, 2007, the Sentencing Commission voted to give retroactive effect to this amendment and approved an amendment of § 1B1.10 to authorize reductions in sentences pursuant to 18 U.S.C. § 3582(c)(2), but delayed the effective date of the retroactivity amendment until March 3, 2008. No sentence reductions are authorized before that date. *See* Notice, 73 Fed. Reg. 217-01 (Jan. 2, 2008). Therefore, Defendant's motion is premature.

Nevertheless, Defendant is not entitled to relief in any event. When the retroactivity amendment takes effect in March, and the 2007 Drug Quantity Table can first be considered for persons serving a previously imposed sentence, the quantity of cocaine base that will qualify a defendant for the maximum base offense level is increased to 4.5 kilograms from 1.5 kilograms. The quantity of cocaine base attributable to Defendant exceeds 4.5 kilograms. Thus, the crack cocaine amendment will not lower Defendant's applicable guideline range.

Defendant seeks a modified sentence under 18 U.S.C. §3582(c)(2), which authorizes a district court, in certain circumstances, to reduce a term of imprisonment where the Sentencing Commission has lowered the applicable sentencing range pursuant to 28 U.S.C. § 994(o) and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Among the applicable policy statements of the Commission is U.S.S.G. §1B1.10, which sets forth the circumstances under which an amended guideline may be applied to reduce a previously imposed sentence. Application Note 1 to § 1B1.10 plainly states: "Eligibility for consideration under § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range." As stated above, the crack cocaine amendment will not lower the guideline range applicable to Defendant. Therefore, no modification of Defendant's sentence is authorized.

IT IS THEREFORE ORDERED that Defendant's motion [Doc. 154] is DENIED.

IT IS SO ORDERED this 12th day of February, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE