IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-92-209-D |
| | ) | |
| RAFAEL ANTONIO HERRERA, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Rafael Antonio Herrera's *pro se* filing entitled, "Motion for Modification or Reduction of Sentence, Based Upon an Intervening Post-Sentencing Change in the United States Sentencing Guidelines Pertaining to 782 (Amendment) Which Effectively Lowers Movant's Term of Imprisonment" [Doc. No. 200]. Invoking 18 U.S.C. § 3582(c)(2), Defendant seeks the reduction of a life sentence for conspiracy to possess with intent to distribute multiple controlled substances. Defendant also requests the appointment of the Federal Public Defender to assist him.

Liberally construing the Motion, the Court understands that Defendant seeks a reduced prison sentence based on Amendment 782 to the Sentencing Guidelines. The Motion is a repeat filing of an almost identical motion in December, 2014 [Doc. No. 177]. The Federal Public Defender was appointed to represent Defendant for purposes of the prior motion [Doc. No. 181]. But despite counsel's best effort, the Court denied the motion by Order of August 13, 2015 [Doc. No. 188]. The Court determined that Amendment 782 did not have the effect of lowering the applicable guideline range [Doc. No. 189]. Defendant,

through counsel, appealed the decision. The court of appeals affirmed, and the Supreme Court denied review. *See United States v. Herrera*, 634 F. App'x 670 (10th Cir.), *cert. denied*, 136 S. Ct. 2426 (2016).

The issues raised by the instant Motion have been previously decided, and the decision has become final. Defendant presents no basis to revisit the decision. Further, for reasons previously stated, Defendant is ineligible for sentencing relief under § 3582(c)(2). Recently, the court of appeals has determined that where, as here, an amendment of the Sentencing Guidelines does not have the effect of lowering the applicable guideline range and the defendant is ineligible for relief, the district court lacks authority to modify the defendant's sentence and should dismiss a § 3582(c)(2) motion for lack of jurisdiction. *See, e.g., United States v. Womack*, No. 15-6202, 2016 WL 4254940, *4 (10th Cir. Aug. 12, 2016) (to be published). Accordingly, the Court finds that the instant Motion should be dismissed for lack of jurisdiction.[1]

IT IS THEREFORE ORDERED that Defendant's Motion [Doc. No. 200] is DISMISSED.

IT IS SO ORDERED this 24th day of August, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Further, because no purpose would be served by appointing counsel to assist Defendant with the same issues a second time, the Court finds that his request for appointment of counsel should be denied.